## THE BANK OF CALIFORNIA, N.A., EXECUTOR OF THE ESTATE OF FRANK C. WAGENKNECHT

*v.*

## DEPARTMENT OF REVENUE

Borden F. Beck, Jr. and Charles J. Strader, Black, Helterline, Beck & Rappleyea, Portland, represented plaintiff.

Ted E. Barbera, Assistant Attorney General, Salem, represented defendant.

Decision for defendant rendered April 12, 1978.

CARLISLE B. ROBERTS, Judge.

This is an inheritance tax case, turning on the interpretation of ORS 118.020(3) and (5) (1971 Replacement Part). The facts are not disputed. The decedent died testate on January 29, 1972, a resident of Multnomah County, Oregon. His wife died March 12, 1976. The decedent's will was admitted to probate in Multnomah County, Oregon, as Probate No. 115-293. The fifth proviso in his will was a residual bequest and devise in trust to The Bank of California, N.A., in Portland, for the purpose of paying a life income from the earnings of the residual estate to the decendent's wife. Paragraph "Sixth" of the will directs The Bank of California, N.A., in Portland, upon the death of the decedent's wife, to transfer to the LaSalle National Bank of LaSalle, Illinois, certain common stocks in trust for the purpose of establishing a scholarship fund for students graduating from La-Salle-Peru Township High School, LaSalle, Illinois. Paragraph "Sixth" provides that the LaSalle National Bank shall "have, hold, manage, care for and control" the trust *res,* with full power to "sell, alter, vary and change the same * * * as it shall deem wise and expedient and for the best interest and advantage of the Trust * * *." The will then gives the trustee specific directions as to the creation and distribution of the scholarships, but allowing discretion in the determination of the number of scholarships to be granted annually.

The defendant Department of Revenue, in its Order No. IH 76-7, dated August 5, 1976, held that the value at date of death of the future transfer of personal property to the LaSalle National Bank, as trustee, was not entitled to an inheritance tax credit under any of the provisions of ORS 118.020 (1971 Replacement Part), including subsections (3) and (5). It held that the gift was not eligible for credit under subsection (3) because the trustee bank was not "a corporation, person or persons or association of persons within the State of Oregon * * *"; and the gift was not eligible

[ 417 ]

for credit under subsection (5) because the trustee bank was not a "society, association or corporation operating exclusively for religious, charitable, scientific, literary, or educational purposes under the laws of or within a state or territory of the United States (other than Oregon)."

In its first cause of suit, contending that the trust is entitled to a tax credit under ORS 118.020(3) (1971 Replacement Part), the plaintiff relies upon a contention that, under paragraphs "Fifth" and "Sixth" of the decedent's will, the plaintiff, The Bank of California, N.A., became trustee of a trust with a noncharitable life beneficiary and a charitable remainder beneficiary and that the bequest was made in trust to a corporation within the State of Oregon (the plaintiff) exclusively for charitable and educational uses, within the meaning of ORS 118.020(3) (1971 Replacement Part), in effect on the day of decedent's death. For its second cause of suit, the plaintiff contends that the provisions of ORS 118.020(5) (1971 Replacement Part), in effect on the date of decedent's death, allow a tax credit with respect to the charitable bequest in question because, under paragraph "Sixth" of the decedent's will, the LaSalle National Bank became a trustee of a charitable remainder trust and, as trustee of that trust, "would operate exclusively for charitable and educational purposes under the laws of Illinois." (Pl Complaint, 3.)

The testimony and the exhibits presented to the court make clear that the trustee, The Bank of California, N.A., recognizes the testator's intent, immediately following the death of his widow, that the assets described in paragraph "Sixth" of the will (or the replacements thereof) be delivered to the successor trustee, the LaSalle National Bank of LaSalle, Illinois. However, tax problems and questions raised by the beneficiaries under paragraph "Seventh" of the will have delayed such transfer and the plaintiff, with the approval of the successor trustee (the LaSalle National

Bank), of the Circuit Court in Multnomah County (Probate Division) and of the Internal Revenue Service, in order to carry out the testator's intent as fully as possible, has established necessary procedures and has actually paid scholarship awards for at least two years. However, these temporary or emergency activities have no bearing upon the interpretation to be given to the will. A present interest was transferred to the LaSalle National Bank on the testator's death; the enjoyment of the interest was deferred. *Allen v. Hendrick,* 104 Or 202, 226, 206 P 733, 740 (1922).

Quite properly, under our adversary system, recognizing the solemn duties imposed upon a fiduciary to preserve and protect the trust *res* and to carry out the decedent's intent as expressed in the will, the plaintiff has presented to the court every conceivable argument to prove that that part of the trust estate given to the LaSalle National Bank should be exempt from taxation under ORS 118.020(3) or (5) (1971 Replacement Part) (including arguments based on legislative history as evidence of legislative intent). The court has been aided by the presentation and briefs of both plaintiff and defendant. However, in each instance, the court finds that the plaintiff has relied upon a strained construction of the statutory language or the use of other arguments which lack persuasive force in comparison with the plain language of the pertinent subsections of the statute as applied to the undisputed facts in this case.

■ The gift in the trust to the LaSalle National Bank is not exempt under ORS 118.020(3) (1971 Replacement Part) because the appointed trustee is not "a corporation, person or persons or association of persons within the State of Oregon * * *." The trustee's situs, indisputably, is Illinois.

■ The gift in trust to the LaSalle National Bank is not exempt from Oregon inheritance taxes under ORS 118.020(5) (1971 Replacement Part) because the bank is not "a society, association or corporation

operating exclusively for religious, charitable, scientific, literary, or educational purposes * * *." The Illinois bank is, *inter alia,* a professional trustee, able, willing and authorized to carry out trust activities, whether charitable or otherwise. It is not the charitable, nonprofit type of corporation contemplated by the statute.

The reasoning and authorities utilized by the defendant in its Answering Brief are adopted by the court, in further explanation of this decision.

The defendant's Order No. IH 76-7, dated August 5, 1976, is affirmed.

The defendant is awarded its statutory costs and disbursements.